IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON,        )<br>                                          )<br>            Plaintiff,         )<br>                                          )<br>vs.                                   )<br>                                          )<br>SPHERSON,                      )<br>                                          )<br>            Defendant.     ) | 8:05cv363<br><br>ORDER ON INITIAL REVIEW |

      This matter is before the court for initial review of the complaint filed by the plaintiff, Beatrice Hudson, and the plaintiff's Motion for Leave to Proceed In Forma Pauperis (filing no. 2). The plaintiff purports to sue a private employment agency pursuant to 42 U.S.C. § 1981, 1983, 1985 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). On initial review, I conclude that all of the plaintiff's claims except one must be dismissed based on the allegations on the face of the complaint.

      28 U.S.C. § 1343(a)(3) grants the federal courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed **under color of state law**. The allegations of the complaint indicate that the defendant, a private employment agency, is not a "state actor," i.e., did not act under color of state law.

      42 U.S.C. § 1985(1) and (2) (interference with performance of official duty; obstruction of justice and intimidation of party, witness or juror) have no application to the plaintiff, and 42 U.S.C. § 1985(3) does not provide the plaintiff with a cause of action. The Eighth Circuit Court of Appeals interprets 42 U.S.C. § 1985(3) as follows:

> In order to prove the existence of a civil rights conspiracy under § 1985(3), the [plaintiff] must prove:  (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having

and exercising any right or privilege of a citizen of the United States." ....

Larson ex rel. Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (*en banc*). The plaintiff alleges no co-conspirator, and a defendant cannot conspire with itself.

The plaintiff states on the face of her complaint that she has not exhausted any administrative remedies under Title VII. Title VII requires an applicant or employee to exhaust administrative remedies before initiating an action in federal court. In light of the foregoing, the plaintiff's claims based on 42 U.S.C. §§ 1983, 1985 and Title VII are dismissed on initial review. However, at this stage of the proceedings, the plaintiff's claim based on 42 U.S.C. § 1981 may will not be summarily dismissed.

The court notes, however, that the above-entitled case is the plaintiff's fourteenth federal civil rights lawsuit filed in the past year, each accompanied by a request to proceed in forma pauperis ("IFP"). The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous. The plaintiff is warned not to abuse the IFP statute, or the privilege will be revoked.

IT IS THEREFORE ORDERED:

1. Filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted.

2. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send the plaintiff one summons form and one Form 285 and a copy of this order.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4(m) requires service of process within 120 days of the date the complaint was filed, or the complaint and this action will be subject to dismissal. If the defendant has not been served by that deadline, the Clerk of Court shall bring this case to the attention of the court.

6. After an appearance has been filed by the defendant, the plaintiff shall serve on thet defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties

usually serve copies of documents on other parties by first class mail.

7. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

8. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case. The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

10. The plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 1st day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge